UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT J. CODEGA,<br><br>  Plaintiff,<br><br>  v.<br><br>WAGSTAFF, INC.,<br><br>  Defendant. | NO. 2:15-CV-00190-JLQ<br><br>ORDER DISMISSING CASE |

    This long-delayed case began upon Plaintiff's paying of the filing fee on August 21, 201**5**. On December 23, 2015, the court issued an Order to Show Cause why Plaintiff had not served Defendant with the Summons or Complaint within 120 days after filing the Complaint as established by Fed.R.Civ.P. 4(m). *See* (ECF No. 6). Plaintiff filed a Response on January 12, 2016, requesting an additional 45 days to serve the Summons and Complaint. *See* (ECF No. 7). The court granted an extension and gave Plaintiff until February 12, 2016, to serve the Summons and Complaint. *See* (ECF No. 8). After Plaintiff failed to serve the Summons and Complaint, the court dismissed this matter without prejudice on February 25, 2016. (ECF No. 9).

    On March 28, 2016, Plaintiff filed a Motion seeking to reopen the case and allow him to serve the summons and complaint. (ECF No. 11). On April 6, 2016, the court granted the Motion, reopened this matter, and gave Plaintiff 30 days to serve the summons and complaint. (ECF No. 12). On May 6, 2016, Plaintiff filed a Declaration of Service from a process server stating the summons and complaint were served on Defendant's registered agent. (ECF No. 13).

ORDER - 1

On July 8, 2016, Defendant filed a Motion to Dismiss which alternatively requested Plaintiff be ordered to file a more definite statement of his claims. (ECF No. 24). On July 29, 2016, Plaintiff moved for an extension of time to respond to the Motion to Dismiss. (ECF No. 28). The court granted the motion and extended Plaintiff's deadline to August **8**, 2016. (ECF No. 31). On August **9**, 2016, Plaintiff moved for another extension to respond to the Motion to Dismiss. (ECF No. 35). The same day, Defendant filed a response stating it did not oppose an extension and also informed the court it was abandoning one of its arguments for dismissal. (ECF No. 37). The court granted Plaintiff a one week extension to respond to the Motion to Dismiss, and directed Plaintiff to only respond to the remaining arguments in the Motion to Dismiss. (ECF No. 38). On August 15, 2016, Plaintiff responded to the Motion to Dismiss, acknowledged he needed to amend his Complaint, and requested leave of the court to do so. (ECF No. 39). Defendant filed a Reply stating it did not oppose Plaintiff filing an Amended Complaint. (ECF No. 40).

On August 31, 2016, the court denied Defendant's Motion to Dismiss and granted Plaintiff 30 days to file his Amended Complaint. *See* (ECF No. 42). At Plaintiff's request, the court extended the deadline to October **11**, 2016. (ECF No. 44 at 2).On October **17**, 2016, Plaintiff filed a Motion for Extension of Time (ECF No. 45) and Motion to Expedite (ECF No. 46) seeking an additional seven days from the filing of the Motion to submit his Amended Complaint. On October 18, 2016, the court granted Plaintiff's Motions and gave him 10 days to file the Amended Complaint, but also cautioned him "**No further extension will be granted for this deadline. The failure to timely file the Amended Complaint will result in the dismissal of this action**." (ECF No. 47 at 2) (emphasis in original). To date, Plaintiff has not filed an Amended Complaint or sought extension of this deadline.

As the above procedural history establishes, Plaintiff failed throughout this litigation to timely prosecute his case. The court warned Plaintiff on eight occasions the failure to timely prosecute his case or comply with deadlines is grounds for dismissal. *See*

ORDER - 2

(ECF No. 6 at 2); (ECF No. 8 at 2); (ECF No. 12 at 2); (ECF No. 31 at 3); (ECF No. 38 at 2); (ECF No. 42 at 4); (ECF No. 44 at 2); (ECF No. 47 at 2).

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate ... dismissal of a case." *Thompson v. Housing Authority of City of Los Angeles*, 782 F.3d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice based on a party's failure to obey a court order. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987).

In determining whether to dismiss an action for failure to obey a court order or lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831.

A presumption of injury arises from the unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). A court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *In re Phenylpropanolamine (PPA) Products Litigation*, 460 F.3d 1217, 1229 (9th Cir. 2006).

The court has considered each of the five factors and finds dismissal is an appropriate sanction. First, this case has been unreasonably delayed by Plaintiff, resulting in the dismissal of this case for failure to serve the Summons and Complaint. Although this court chose to re-open this matter at Plaintiff's request, Plaintiff continued to delay and miss deadlines. Second, the fact this case is over a year old and has not proceeded beyond initial pleadings weighs in favor of dismissal. Third, Defendant has been prejudiced by the unreasonable delay in this matter, through both the presumption of injury and also through the fact the passage of time affects the availability of evidence and memory of witnesses. Lastly, while public policy favors disposition on the merits, there is no other less drastic alternative available to adequately address the problems

described herein. The court has granted numerous extensions and accepted late filed requests for extensions. Plaintiff has not heeded the explicit warnings to meet deadlines and timely prosecute his case. The court has already dismissed this case once, but that has not stopped the pattern of delay. For all of the above reasons, the court finds the failure to prosecute and unreasonable delay of this matter in violation of the court's Orders requires dismissal of this matter with prejudice.

**IT IS HEREBY ORDERED**:

Based on Plaintiff's failure to prosecute and failure to comply with Orders of the court, the Clerk is directed to enter Judgment dismissing the Complaint (ECF No. 4) and the claims therein **WITH PREJUDICE** and without costs or attorneys' fees to any party.

**IT IS SO ORDERED**.  The Clerk is hereby directed to enter this Order and Judgment, furnish copies to counsel and Mr. Codega, and close this file.

Dated November 3, 2016.

s/ Justin L. Quackenbush<br>
JUSTIN L. QUACKENBUSH<br>
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4